UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCISZEK PIASEK,

        Plaintiff,

vs.

Case No. 05-CV-73670

HON. GEORGE CARAM STEEH

SOUTHFIELD POLICE OFFICERS
DAVID SCHUTZ and OLEH KINAL,

        Defendants.

_____/

ORDER DENYING DEFENDANTS' REQUEST TO REJECT MAGISTRATE JUDGE'S RULING DENYING DEFENDANT'S MOTION TO COMPEL ADMISSIONS AND DENYING REQUEST FOR ATTORNEY FEES (DOC # 33)

Defendants have filed objections to Magistrate Judge Morgan's denial of their "motion to compel admissions upon finding plaintiff's responses to be evasive and/or incomplete disclosure and to award defendants' attorney fees." Defendants contend that plaintiff did not meet the requirements of Fed. R. Civ. P. 36(a), governing requests for admissions, in providing answers to their requests for admissions ## 4, 5, 6, 8, and 9. As set forth in 28 U.S.C. § 636(b)(1)(A), this court may "reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."[1]

Fed. R. Civ. P. 36(a) provides, in part, that "[a]n answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known

---

[1] The court finds that the matter is one which may be determined on the briefs, and accordingly will not hold oral argument. See E.D. Mich. LR 7.1(e)(2).

or readily obtainable by the party is insufficient to enable the party to admit or deny."

Specifically, defendant objects to the responses provided by plaintiff to five requests for admission. Those requests, and the plaintiff's responses, are set forth below:

> 4. That the blood was drawn in compliance with the applicable standard of care for drawing of blood.
>
> Response: Plaintiff is unable to admit for the reason that plaintiff has no reasonable way to know whether or not the blood was drawn in compliance with applicable standard of care.
>
> 5. That the blood sample was transmitted to the Michigan State Police.
>
> Response: Plaintiff is unable to admit for the reason that plaintiff has no reasonable way to know whether or not blood was transmitted to the Michigan State Police.
>
> 6. That the Michigan State Police analyzed the blood sample of the Plaintiff.
>
> Response: Plaintiff is unable to admit for the reason that plaintiff has no reasonable way to know whether or not Michigan State Police analyzed the blood sample taken from plaintiff, especially in light of plaintiff's testimony regarding how much alcohol he consumed.
>
> 8. That attached as Exhibit 1 is a true and accurate copy of the laboratory report of the Plaintiff's blood samples.
>
> Response: Plaintiff is unable to admit for the reason that plaintiff has no reasonable way to know whether or not Exhibit 1 is a true and accurate copy of the laboratory report of the plaintiff's blood samples.
>
> 9. That the analysis of Plaintiff's blood sample was done in conformity with the applicable standards.
>
> Response: Plaintiff is unable to admit for the reason that plaintiff has no reasonable way to know whether or not plaintiff's blood sample was done in conformity with applicable standards especially in light of the plaintiff's testimony regarding how much alcohol he had consumed.

Plaintiff's Answers to Defendant's Request for Admissions to Plaintiff, Doc. # 23.

The court will not reverse the magistrate's ruling, for several reasons. A magistrate is entitled to substantial discretion pursuant to Fed. R. Civ. P. 36, and his or her resolution of the discovery dispute is not to be overturned by this court unless it shall find that the determination(s) were "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). In applying this standard, the court notes that first, defendant has not included the magistrate's reasoning behind the ruling, which was apparently presented on the record. No transcript was appended to defendant's request, nor were any portions of the ruling quoted or paraphrased. Additionally, the court notes that plaintiff has stated he has no "reasonable way" to discover the answers to these requests, which is at least an effort to comply with the rule. Finally, the requests themselves do not appear to be requests which could be answered, in any event, after a "reasonable inquiry" by the plaintiff. At trial, the defendant will doubtlessly seek to introduce evidence concerning blood allegedly drawn from plaintiff, and will need to follow established procedural rules in doing so. These are not circumstances where the plaintiff will be required to seek out information from third parties to respond to these requests. See, e.g. Dubin v. E.F. Hutton Group Inc., 125 F.R.D. 372, 374-75.

The magistrate's ruling is AFFIRMED.

IT IS SO ORDERED.

Dated: February 13, 2007                S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

| CERTIFICATE OF SERVICE |
| --- |
| Copies of this Order were served upon attorneys of record on February 13, 2007, by electronic and/or ordinary mail.<br><br>S/Josephine Chaffee<br>Deputy Clerk |